(Not for publication)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                            :
KATHLEEN HATALA and                         :
DAVE HATALA,                                :
                                            :
            Plaintiffs,                     :   Civil No. 04-4679 (RBK)
                                            :
      v.                                    :   **OPINION**
                                            :
MOREY'S PIER, INC., et al.,                 :
                                            :
            Defendants.                     :
_____         :

**KUGLER**, United States District Judge:

Presently before the Court is a motion for partial summary judgment by defendants Morey's Pier, Inc., Morey's Pier Landing Corporation, Morey's Piers Concessions, LLC, and the Morey Organization, Inc. (collectively "Defendants"), seeking to dismiss the claim of plaintiff Kathleen Hatala ("Plaintiff") for punitive damages. For the reasons set forth below, this Court will grant Defendants' motion.

**I.   BACKGROUND**

Plaintiff commenced this action by filing a Complaint on August 28, 2003 in the United States District Court for the Eastern District of Pennsylvania. Pursuant to an Order signed by Judge Louis Pollak on July 28, 2004, the action was transferred to this Court. In the Complaint, Plaintiff alleges that on September 3, 2001, Plaintiff and her child rode an amusement known as

the "Giant Slide" at Defendants' amusement park.  Plaintiff claims that she "slammed into the retaining wall at the bottom of the slide, resulting in serious injury, including, but not limited to, a displaced fracture of her left ankle and extensive bruising."  (Compl. ¶ 28.)  Plaintiff further claims that as a result of one of Defendants' employees attempting to provide assistance to Plaintiff, Plaintiff was caused to "suffer additional pain, suffering, shock and damage."  (Compl. ¶ 29.)  In the Complaint, Plaintiff seeks compensatory and punitive damages.  Plaintiff alleges that "Defendants' actions were willful, wanton, done with a reckless disregard of the high probability of serious injury to others, including Plaintiffs, especially given Defendants' knowledge of prior injuries and similar incidents of patrons' slamming into the retaining wall and suffering injury on the Great Slide."  (Compl. ¶ 68.)  Plaintiff further asserts that "Defendants' actions were extreme and outrageous, therefore permitting the imposition of punitive damages against them, to punish Defendants and deter them from such conduct in the future."  (Compl. ¶ 69.)

II.     STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

### III.   DISCUSSION

#### A.   Punitive Damages under New Jersey Law

Punitive damages are available under New Jersey law pursuant to the Punitive Damages Act (the "Act"), N.J.S.A. 2A:15-5.9 to -5.17, which states, in pertinent part:

> a. Punitive damages may be awarded to the plaintiff only if the plaintiff proves, by clear and convincing evidence, that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions. This burden of proof may not be satisfied by proof of any degree of negligence including gross negligence.
>
> b. In determining whether punitive damages are to be awarded, the trier of fact shall consider all relevant evidence, including but not limited to, the following:

> (1) The likelihood, at the relevant time, that serious harm would arise from the defendant's conduct;
> (2) The defendant's awareness of reckless disregard of the likelihood that the serious harm at issue would arise from the defendant's conduct;
> (3) The conduct of the defendant upon learning that its initial conduct would likely cause harm; and
> (4) The duration of the conduct or any concealment of it by the defendant.

N.J.S.A. 2A:15-5.12. The Act defines "actual malice" as "an intentional wrongdoing in the sense of an evil-minded act" and "wanton and willful disregard" as "a deliberate act or omission with knowledge of a high degree of probability of harm to another and reckless indifference to the consequences of such act or omission." N.J.S.A. 2A:15-5.10. Enacted in 1995, the Act is said to "essentially codif[y] . . . common law principles." Dong v. Alape, 824 A.2d 251, 257 (N.J. Super. Ct. App. Div. 2003) (citing Smith v. Whitaker, 734 A.2d 243 (N.J. 1999)).

    B.    Analysis

Plaintiff argues that a jury could reasonably conclude that Defendants' behavior constituted a willful and wanton disregard for Plaintiff's well-being. Plaintiff cites to evidence that during 2000 and 2001, nine people were injured when they struck the retaining pad wall of the Giant Slide. Despite these occurrences, Plaintiff claims that Defendants continued to operate the slide without effecting any changes.

Defendants claim that Plaintiff has not submitted sufficient evidence to meet the standard necessary for punitive damages. Defendants claim that "[a]t most, the conduct of Defendants' employees could be deemed negligent." (Defs.' Br. at 9.) Defendants argue that the State of New Jersey had inspected the Giant Slide and authorized Defendants to operate the slide. (Defs.' Br. at 9, Rogers Cert. ¶¶ 6-7.) Defendants further argue that the nature of injuries suffered on the

Giant Slide are not serious, but minor.

Defendants direct this Court to Pavlova v. Mint Management Corp., 868 A.2d 322 (N.J. Super. Ct. App. Div. 2005), in which a state appellate court found a punitive damages award to be unsupported.  In Pavlova, the Court considered an action stemming from a fire at a senior citizens' center in Edison Township, New Jersey.  The fire began when a towel rack was ignited by a nearby wall-mounted heater and resulted in the death of the plaintiff.  The Court noted that a few years before the fire, two other small fires had occurred at the building when the heaters ignited nearby materials.  After these fires, the chief fire inspector suggested to the building's management that the towel racks be moved father from the heaters, or alternatively, that residents be made aware of the danger.  The management responded by posting a notice on a common bulletin board but not by moving the towel racks.

In Pavlova, the plaintiff sought punitive damages not for the defendants' actual malice, but rather for recklessly maintaining the premises in a dangerous and defective condition.  The Court held that punitive damages were not appropriate, noting that the evidence did not point to "the likelihood of serious and imminent harm, much less of defendant's awareness of that likelihood."  Id. at 328.  The Court also noted that the building was inspected each year by the Edison Fire Department and had never been cited for any fire code violations.  Accordingly, while the Court found that the defendants' conduct "may arguably amount to negligence, or even gross negligence . . . it does not rise to the level of wanton and willful disregard of the likelihood, or high probability, of resultant serious harm."

In so holding, the Court distinguished the facts in Pavlova from those in other cases in which punitive damages were deemed to be warranted.  In Smith, 734 A.2d 243, the Court found

punitive damages to be properly available when an oil truck struck and killed a motorist when the truck's brakes failed.  Noting that the defendant oil company knew of the problems with the brakes and allowed a virtually untrained driver to operate the truck, the Court found that the defendant's behavior justified an award of punitive damages.  Similarly, in Dong, 824 A.2d 251, the Court found punitive damages to be justified in a case involving an intoxicated driver who swerved around a car that was stopped in front of it and struck a pedestrian.  The Court in Pavlova found Smith and Dong to be distinguishable, for in Pavlova the Court found an absence of "blatantly egregious, deliberate conduct that was practically certain to cause both imminent and serious harm."  Id. at 328.

In the instant case, this Court similarly finds punitive damages to be unwarranted.  Taking the facts in a light most favorable to Plaintiff, this Court finds that Plaintiff is unable to show, by clear and convincing evidence, that Defendants acted either with actual malice or with a wanton and willful disregard for the safety of Plaintiff and the amusement park's other visitors.  The fact that during a two-year span, a handful of other riders also suffered injuries on the Giant Slide is insufficient to constitute clear and convincing evidence of Defendants' willful and wanton conduct.  This Court finds the instant case to be similar to Pavlova, in that Defendants' inaction cannot be said to have been certain, or even likely, to cause imminent and serious harm.  Additionally, as in Pavlova, the device in question had been subject to an annual inspection, which it had passed.  While this Court finds that the facts presented by Plaintiff could suffice to show Defendants' negligence, they cannot be said to constitute clear and convincing evidence justifying an award of punitive damages.

## IV. CONCLUSION

Based on the foregoing reasoning, this Court will grant Defendants' motion for partial summary judgment and dismiss Plaintiff's claim for punitive damages. The accompanying Order shall issue today.


Dated: July 25, 2007                                                  s/ Robert B. Kugler
                                                                      ROBERT B. KUGLER
                                                                      United States District Judge